# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# MONROE DIVISION

| | |
|---|---|
| GREGORY TOMPLAIT | CIVIL ACTION NO. 18-1652 |
| | SECTION P |
| VS. | |
| | JUDGE TERRY A. DOUGHTY |
| SHERIFF RICKY JONES, ET AL. | MAG. JUDGE KAREN L. HAYES |

## REPORT AND RECOMMENDATION

Plaintiff Gregory Tomplait, a prisoner at Madison Parish Correctional Center ("MPCC") proceeding pro se and in forma pauperis, filed the instant proceeding on December 27, 2018, under 42 U.S.C. § 1983. He names Sheriff Ricky Jones and Warden Pat Smith as defendants.[1] For reasons that follow, the Court should dismiss Plaintiff's claims against Sheriff Ricky Jones and Plaintiff's ostensible conditions-of-confinement claim. The Court should retain Plaintiff's denial-of-medical-care claim against Warden Pat Smith.[2]

## Background

Plaintiff alleges that he was exposed to airborne pesticide on June 22, 2018, at the Tensas Parish Detention Center ("TPDC") and that, subsequently, Defendants exhibited a "total lack of attention to [his] required medical care . . . ." [doc. # 1, p. 4]. The aircraft that released the pesticide flew twenty-five feet above Plaintiff's head, spraying a white substance for forty-five minutes. [doc. # 20, pp. 3-4]. The pesticide exposure caused him to cough "real bad," caused

---

[1] This matter has been referred to the undersigned for review, report, and recommendation under 28 U.S.C. § 636 and the standing orders of the Court.

[2] The undersigned directed the Clerk of Court, in a separate Memorandum Order, to serve Plaintiff with summons forms for the additional claim.

his eyes to burn, and caused severe headaches, blurred vision, and sinusitis. [doc. #s 1, pp. 4-5; 20, p. 5].

Plaintiff submitted seven requests for care, but he received no response. [doc. # 20, pp. 6-7]. He filed a grievance, directed to Warden Pat Smith, on June 29, 2018, but he did not receive a response. *Id.* at 6. After filing his eighth request for care on August 9, 2018, a nurse checked his blood pressure and informed him that he "would be placed on a list to see a doctor." *Id.* On August 25, 2018, before a physician could evaluate him, he submitted a second grievance directed to the Louisiana Department of Public Safety and Corrections. *Id.* He did not receive a response. *Id.*

Plaintiff was transferred to MPCC on February 22, 2019. [doc. # 15]. On March 10, 2019, a physician at MPCC diagnosed him with "really high" blood pressure. [doc. # 20, p. 7]. Plaintiff claims that he never had blood pressure problems before, and he suggests that, because of the delay in treatment, his eyesight "is bad and getting worse," he cannot focus on objects near or far, and he endures severe headaches, chest pains, and a persistent cough. *Id.* at 7-8.

In April 2019, a nurse practitioner prescribed medication for Plaintiff's blood pressure, but Plaintiff maintains that the new medication is ineffective. [doc. # 22, p. 1]. To date, Plaintiff endures headaches and suffers from impaired vision. *Id.*

Plaintiff seeks $250,000.00 in punitive damages, $500,000.00 for the costs of future medical care, and "immediate medical attention at a D.O.C. facility," including a "comprehensive examination to determine what medical issues" he may experience in the future. [doc. # 1, p. 5].

**Law and Analysis**

**1. Preliminary Screening**

Plaintiff is a prisoner who has been permitted to proceed in forma pauperis. As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A.[3] See *Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir. 1998) (*per curiam*). Because he is proceeding in forma pauperis, his Complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim on which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. Courts are also afforded the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Id.*

A complaint fails to state a claim on which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); accord *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). A claim is facially plausible when it contains sufficient factual content for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing

---

[3] Under 28 U.S.C. § 1915(h), "'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."

*Twombly*, 550 U.S. at 570). Plausibility does not equate to possibility or probability; it lies somewhere in between. *Id.* Plausibility simply calls for enough factual allegations to raise a reasonable expectation that discovery will reveal evidence to support the elements of the claim. *Twombly*, 550 U.S. at 556.

Assessing whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal, supra.* A well-pled complaint may proceed even if it strikes the court that actual proof of the asserted facts is improbable and that recovery is unlikely. *Twombly, supra*.

Likewise, a complaint fails to state a claim on which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. In making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998). However, the same presumption does not extend to legal conclusions. *Iqbal, supra*. A pleading comprised of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" does not satisfy Rule 8. *Id*. "[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *City of Clinton, Ark. v. Pilgrim's Pride Corp*, 632 F.3d 148, 152-53 (5th Cir. 2010). Courts are "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

A hearing need not be conducted for every pro se complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

"To state a section 1983 claim, a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013) (internal quotation marks omitted). Consistent with the standard above, a "[S]ection 1983 complaint must state specific facts, not simply legal and constitutional conclusions." *Fee v. Herndon*, 900 F.2d 804, 807 (5th Cir. 1990).

**2. Sheriff Ricky Jones**

Plaintiff claims that Sheriff Ricky Jones "is the owner of Tensas detention center and is responsible for [his] well being." [doc. # 20, p. 8]. He adds, "Ricky Jones should be held accountable for the actions from his warden and medical staff not treating me." *Id.*

"Supervisory officials may be held liable only if: (i) they affirmatively participate in acts that cause constitutional deprivations; or (ii) implement unconstitutional policies that causally result in plaintiff's injuries." *Mouille v. City of Live Oak, Tex.*, 977 F.2d 924, 929 (5th Cir. 1992). "Vicarious liability does not apply to § 1983 claims." *Pierce v. Texas Dept. of Crim. Justice, Inst. Div.*, 37 F.3d 1146, 1150 (5th Cir. 1994).

Here, Sheriff Ricky Jones cannot be vicariously liable for the actions of his subordinates. As Plaintiff does not otherwise allege that Sheriff Jones participated in a constitutional deprivation or implemented a policy so deficient that it deprived Plaintiff of his constitutional rights, the Court should dismiss Plaintiff's claims against Sheriff Jones.

**3. Conditions of Confinement**

Plaintiff does not appear to seek relief for his exposure to pesticide; rather, he seeks relief for being deprived of medical care following the exposure. That said, to the extent he does seek relief for his exposure to pesticide, he does not state a plausible claim.

5

"While the Constitution does not require that custodial inmates be housed in comfortable prisons, the Eighth Amendment's prohibition against cruel and unusual punishment does require that prisoners be afforded 'humane conditions of confinement' and prison officials are to ensure that inmates receive adequate food, shelter, clothing, and medical care." *Herman v. Holiday*, 238 F.3d 660, 664 (5th Cir. 2001) (quoting *Farmer v. Brennan*, 511 U.S. 825 (1994)). To establish an Eighth Amendment violation, a prisoner must demonstrate that a prison official was deliberately indifferent to conditions that resulted in the "extreme deprivation[,]" *Shannon v. Vannoy*, 682 F. App'x 283, 285 (5th Cir. 2017), of "the minimal civilized measure of life's necessities."[4] *Hernandez v. Velasquez*, 522 F.3d 556, 560 (5th Cir. 2008). To establish deliberate indifference, the prisoner must show that the official knew of and disregarded an excessive risk to inmate health or safety; the official must have been both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must have drawn the inference. *Farmer*, 511 U.S. at 837.

Here, Plaintiff does not identify a responsible defendant and, by extension, fails to allege that any particular individual knew of a substantial risk of serious harm to his health and

---

[4] The deprivation alleged must be, objectively, sufficiently serious. *Farmer*, 511 U.S. at 834. This standard is not static: the inquiry is whether the conditions are contrary to "the evolving standards of decency that mark the progress of a maturing society." *Estelle v. Gamble*, 429 U.S. 97, 102 (1976) (quotation marks and quoted source omitted).

disregarded that risk.[5,6]

## Recommendation

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff Gregory Tomplait's claims against Sheriff Ricky Jones, as well as Plaintiff's ostensible conditions-of-confinement claim, be **DISMISSED** as frivolous and for failing to state claims on which relief may be granted.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See*

---

[5] Section 1983 provides in relevant part: "Every person who . . . *subjects, or causes to be subjected*, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . ." 42 U.S.C. § 1983 (emphasis added). If a person is not personally involved, then, *a fortiori*, he cannot subject another to, or cause, a deprivation of constitutional rights. See *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983) ("Personal involvement is an essential element of a civil rights cause of action.").

[6] The undersigned instructed Plaintiff to "provide a separate description of what, exactly, each defendant did to violate his rights . . . ." The undersigned also instructed Plaintiff to "confirm whether he seeks relief for his alleged exposure to airborne pesticides" and, to the extent he does, to "demonstrate that a prison official was deliberately indifferent to conditions that resulted in the denial of 'the minimal civilized measure of life's necessities.'" [doc. # 14].

*Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, this 3rd day of July, 2019.

Karen L. Hayes
United States Magistrate Judge